UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIELLE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-1801 RLW |
| | ) |
| MARRIOTT INTERNATIONAL INC d/b/a | ) |
| ST. LOUIS MARRIOTT GRAND HOTEL, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's First Amended Motion to Remand (ECF No. 29). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Danielle Mitchell ("Mitchell") is an African-American female. Mitchell is former employee at the Starbucks coffee shop in the Marriott Grand Hotel in St. Louis, Missouri. Mitchell began working at the Strabucks on May 15, 2007. In April 2013, Mitchell took time off to care for her disabled mother. In June 2013, Mitchell returned to work. In December 2013, Mitchell took another round of leave to care for her mother. In June 2014, Mitchell returned to her position at Starbucks.

When Mitchell returned to her position in June 2014, she alleges that she experienced discrimination and intolerable workplace conditions. Mitchell's hours were significantly reduced. Mitchell alleges that her managers became to harass her about her absences, calling her a "faker" and a "liar." Mitchell reported the harassment to human resources. In response, Mitchell alleges she was written up and disciplined.

Mitchell alleges that she experienced unfair treatment and harassment until she was terminated for a cash register oversight. Mitchell claims that her employment was terminated even though management had been more tolerant of other employees for similar mistakes. Mitchell alleges that, prior to her termination, the majority of the employees at this Starbucks were African-American, but the majority of its employees are now white.

On April 26, 2017, Mitchell filed her Petition for Damages in the Circuit Court of St. Louis County, Missouri against Marriott International Inc. d/b/a St. Louis Marriott Grand Hotel, Denise Shell, Vera Sostre, Rebecca Crist, Melissa Mazza, Devon Jarrell, and Noureddine Laasri (collectively, "Defendants"), alleging disability discrimination, racial and color discrimination, and retaliation. On June 26, 2017, Defendants removed this action to this Court, citing federal question jurisdiction under 28 U.S.C. §1331. (ECF No. 1). On September 29, 2017, Mitchell filed her First Amended Motion for Remand (ECF No. 29), asserting that federal question jurisdiction did not arise under her First Amended Petition for Damages (ECF No. 27).

I. **MOTION TO REMAND**

A. **Standard of Review**

Defendants, as the parties invoking federal jurisdiction, bear the burden of proving that all prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). Removal statutes are strictly construed, *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are to be resolved in favor of remand. *Central Ia. Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 & n.7 (1987); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092,

1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing"; consequently, "uncertainties are resolved in favor of remand."); *Simpson v. Energy Petroleum Co.*, No. 4:17-CV-2501 CAS, 2017 WL 4923574, at *3 (E.D. Mo. Oct. 31, 2017).

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."). There is a variety of federal jurisdiction known as "arising under" jurisdiction, under which "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" *Id.* The critical "question is, does a state-law claim necessarily raise a stated federal issue, *actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314 (emphasis added).

"The Supreme Court has explained that *Grable* occupies a special and small category of cases permitting removal where federal question jurisdiction is predicated on the centrality of a federal issue, and emphasized that it takes more than a federal element to open the arising under door." *Simpson*, 2017 WL 4923574, at *4 (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 & n.5, 701 (2006) (internal citations omitted)). It was central to

*Grable's* holding that the federal question at issue was "substantial" and a "nearly 'pure issue of law,' " and that its resolution was "both dispositive of the case and would be controlling in numerous other cases." *Empire*, 547 U.S. at 700 (quoting *Grable*, 545 U.S. at 313). "Thus, the small category described by *Grable* is limited to cases where (1) a state law claim 'necessarily raise[s] a stated federal issue,' (2) the federal issue is 'actually disputed,' (3) the federal issue is 'substantial,' and (4) a 'federal forum may entertain' the state law claim 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Simpson*, 2017 WL 4923574, at *4 (quoting *Grable*, 545 U.S. at 314).

## B. Discussion

Defendants filed a Notice of Removal in the United States District Court for the Eastern District of Missouri on June 21, 2017, asserting that Mitchell's claim is "based on a federal cause of action." Defendants removed this action because they alleged that the Petition clearly presented federal question jurisdiction pursuant to Family Medical Leave Act ("FMLA"). (ECF No. 1). In the alternative, Defendants asserted that Mitchell's relief depended on the resolution of a substantial question of law and, therefore, this Court still had federal question jurisdiction. (ECF No. 1).

On July 20, 2017, Plaintiff filed her first Motion for Remand to Circuit Court of the City of St. Louis, Missouri (ECF No. 15). On August 14, 2017, Plaintiff filed her First Amended Petition for Damages (ECF No. 27). Then, on September 29, 2017, Plaintiff filed her First Amended Motion for Remand (ECF No. 29).

Mitchell's First Amended Petition alleges discrimination and retaliation claims under the MHRA. Mitchell alleges that (1) Defendants discriminated against her because of her association with a person with a disability in violation of Mo. Rev. Stat. §213.055; (2)

- 4 -

Defendants discriminated against Plaintiff in her employment because she is an African-American in violation of Mo. Rev. Stat. §213.111; and (3) Defendants took retaliatory actions against Mitchell in violation of Mo. Rev. Stat. §213.070(2).

Defendants assert that Mitchell's original complaint clearly stated a claim for FMLA retaliation as it referenced the FMLA numerous times. Defendants argue that Mitchell's Amended Petition remains an action for FMLA Retaliation, even though she omits references to the FMLA in all but one paragraph. (ECF No. 31 at 5). Defendants claim that Mitchell has not dismissed her FMLA claims, but she merely refers to her FMLA claims as "associational disability discrimination." (ECF No. 31 at 6). Defendants claim that the Amended Petition invokes federal jurisdiction because Mitchell will necessarily argue that Defendants violated the FMLA by retaliating against her for taking leave and/or by interfering with her leave. (ECF No. 31 at 8). In the alternative, Defendants argue that Mitchell's state law claims require substantial interpretation of issues of federal law. Defendants assert that Mitchell's "ostensibly state law claims still require interpretation of federal law and rely upon federal rights." (ECF No. 31 at 9-10). Defendants assert that it is impossible for the Court to resolve whether Defendants retaliated against her without determining whether Mitchell was entitled to leave and whether Defendants retaliated against her for taking FMLA leave. Finally, Defendants claim that this Court should assert supplemental jurisdiction over Mitchell's state law claims. (ECF No. 31 at 10-11).[1]

---

[1] Defendants further assert that if the Court does not retain jurisdiction, then all FMLA claims should be dismissed with prejudice. (ECF No. 31 at 11-12). Defendants maintain that otherwise, there is "literally nothing to stop Plaintiff from asserting these [FMLA] claims at trial, submitting them to a jury, and otherwise basing each and every claim of her lawsuit on allegations of FMLA retaliation." The Court disagrees. The filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th

The Court holds that Mitchell's Amended Petition does not give rise to federal question jurisdiction. Mitchell's mere reference of the FMLA once in her Amended Petition does not federalize her otherwise state law claims for discrimination and retaliation. Mitchell's state law discrimination and retaliation claims do not meet the *Grable* four-part test. These claims involve the actions of private defendants, not a federal actor. Mitchell's single citation to the FMLA, which may or may not have been the type of leave Mitchell had previously utilized, does not convert these claims into federal law claims for discrimination and retaliation. Mitchell does not invoke FMLA standards or rely on FMLA law to support her discrimination and retaliation claims. In sum, Mitchell's state law claim does not necessarily raise a federal issue, nor is a federal issue actually disputed. Mitchell's claim can be resolved by the state courts to determine whether she was discriminated and retaliated against for associating with a person with a disability without any determination of whether she took leave under the FMLA.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Motion to Remand (ECF No. 29) is **GRANTED**. An Order of Remand is filed herewith.

Dated this 21st day of November, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

Cir. 2005). Thus, Mitchell would be precluded from presenting her FMLA claims at trial because those claims are deemed abandoned with the filing of her Amended Petition.